IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

**JONELL GRAINGER, as personal representative for the ESTATE OF JOSHUA TODD FISCHER,**

    Plaintiff,

v.

**JOHN ENSLEY; ROBIN KATTER; DYLAN ROBERTS; CURRY COUNTY; JOHN WARD,**

    Defendants.

No. 1:18-cv-01093-CL

**ORDER**

McSHANE, District Judge.

    Magistrate Judge Mark D. Clarke has filed a Findings and Recommendation ("F&R"), ECF No. 96, concerning Motions for Summary Judgment filed by Defendants Robin Katter and Dylan Roberts (collectively, the "State Defendants"), ECF No. 63, and by Defendants John Ensley, John Ward, and Curry County (collectively, the "County Defendants."), ECF No. 70. Judge Clarke recommends that the State Defendants' Motion for Summary Judgment be denied and that the County Defendants' Motion for Summary Judgment be granted in part and denied in part.

    Under the Federal Magistrates Act, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."). Although no review is required in the absence of objections, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Id.* at 154. The Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the court should review the recommendation for "clear error on the face of the record."

In this case, Defendants have filed Objections to the F&R, ECF Nos. 98, 101, and Plaintiff has filed a Response to Defendants' Objections, ECF No. 102. The Court has reviewed the record *de novo* and, for the reasons set forth below, declines to adopt the F&R with respect to Defendants' Motions for Summary Judgment.

## DISCUSSION

As a preliminary matter, Plaintiff has withdrawn the allegations of negligent supervision and training against Curry County. Pl. Resp. at 3 n.3. ECF No. 77. Judge Clarke recommends that summary judgment be granted in favor of Defendant Curry County. F&R at 12. Plaintiff has not objected to that recommendation. The Court ADOPTS Judge Clarke's recommendation and the claims against Curry County are DISMISSED.

With respect to the individual Defendants, two claims remain in this case: a claim for wrongful death based on statutory liability and a claim for wrongful death based on negligence. Second Am. Compl. ¶¶ 38-47.

I.  **Statutory Liability**

To prove a claim for statutory liability, a plaintiff must establish that: (1) a statute imposed a duty on the defendant; (2) the legislature expressly or impliedly intended to create a private right of action for violation of the duty; (3) the defendant violated the duty; (4) the plaintiff is a member of the group that the legislature intended to protect by imposing the duty; and (5) the plaintiff suffered an injury that the legislature intended to prevent by creating the duty. *Deckard v. Bunch*, 358 Or. 754, 759-60 (2016). For this case, the statute in question provides:

> Any person who is intoxicated or under the influence of controlled substances in a public place may be sent home or taken to a sobering facility or to a treatment facility by a police officer. If the person is incapacitated, the personal shall be taken by the police officer to an appropriate treatment facility or sobering facility. If the health of the person appears to be in immediate danger, or the police officer has reasonable cause to believe the person is dangerous to self or to another person, the person shall be taken by the police officer to an appropriate treatment facility or sobering facility. A person shall be deemed incapacitated when in the opinion of the police officer the person is unable to make a rational decision as to the acceptance of assistance.

ORS 430.399(1).

Plaintiff alleges that the individual Defendants should have taken Mr. Fischer into custody under ORS 430.399(1) as a danger to himself. As the F&R notes, the only two factors at issue are (1) whether Defendants violated their duty by sending Mr. Fischer home, rather than transporting him to a treatment or sobering facility; and (2) whether Mr. Fisher's suicide was an injury the legislature intended to prevent. F&R, at 8-9.

In this case, the individual officers testified in their depositions that they performed a welfare check on Mr. Fischer. Ms. Katter testified that she observed Mr. Fischer's behavior, mannerisms, and physical condition before determining that it was safe for Mr. Fischer to walk home by himself. While Decl. Ex. 4, at 33. ECF No. 64. Mr. Roberts testified that when he performs a welfare check he considers whether the person is a danger to themselves or others.

White Decl. Ex. 5, at 12.  Mr. Roberts testified that, at the conclusion of the encounter, he had no qualms about allowing Mr. Fischer to go home.  *Id.* at 22.  Mr. Roberts also testified that Mr. Fischer's subsequent suicide was "extremely unexpected" and that there had been no indication during the encounter that Mr. Fischer would commit suicide.  *Id.* at 23-24.

The Court has carefully reviewed the video evidence in this case.  While Decl. Ex. 1.  Although Mr. Fischer appeared to be intoxicated at the time of his encounter, he denied using alcohol or drugs.  Mr. Fischer's speech was clear and intelligible.  He was able to answer questions from the officers about his name, his date of birth, his occupation, and his living situation.  Mr. Fischer told the officers that he loved his job and became distressed when he believed that the officers might take him into custody and prevent him from returning to work.  He told the officers that he needed report to work in the morning and only calmed down when the officers assured him that they did not intend to arrest him.  When the officers told Mr. Fischer that he was free to go, Mr. Fischer stood and walked away without apparent difficulty or stumbling.

Nothing Mr. Fischer said or did during the encounter would have given a reasonable officer cause to believe that Mr. Fischer was danger to himself or others.  He did not indicate that he was suicidal or that he intended to harm himself.  On the contrary, Mr. Fischer was emphatic that he needed to work in the morning, which would lead a reasonable officer to conclude that Mr. Fischer did not intend to commit suicide.  Although Mr. Fischer did not actually have to report to work in the morning, that fact was not known or apparent to the officers at the time.

On this record, the Court concludes that no reasonable jury could find that the officers violated their duty under ORS 430.399(1) by sending Mr. Fischer home.  It is not, therefore, necessary for the Court to reach the question of whether suicide is an injury ORS 430.399(1) was

intended to prevent. Defendant's Motions for Summary Judgment are GRANTED as to Plaintiff's claim for wrongful death based on statutory liability.

## II.  Negligence

Plaintiff contends that Defendants conducted a negligent investigation during their encounter with Mr. Fischer and that, had they conducted a more thorough welfare check, they would have taken Mr. Fischer into protective custody thereby preventing his later suicide. To establish negligence, a plaintiff must prove that the defendants' conduct "created a foreseeable and unreasonable risk of legally cognizable harm to the plaintiff and that the conduct in fact caused that kind of harm to the plaintiff." *Sloan v. Providence Health Sys.*, 364 Or. 635, 643 (2019) (citing *Fazzolari v. Portland Sch. Dist. No. 1J*, 303 Or. 1, 17 (1987)). Courts must consider "the factual setting of the case," when deciding whether "the harm suffered by the plaintiff is of the same general kind to be anticipated from the defendant's allegedly negligent conduct." *Piazza v. Kellim*, 360 Or. 58, 89 (2016) (en banc). Oregon courts rarely decide issues of negligence on summary judgment, but "a court can decide that the risk to the plaintiff caused by the defendant was unforeseeable as a matter of law." *Miller v. Tabor West Invest. Co., LLC*, 223 Or. App. 700, 711 (2008).

Oregon courts have held that "a harm may be legally unforeseeable if the defendant's conduct constituted 'mere facilitation' of [a] third person's intervening criminal act." *Miller*, 223 Or. App. at 711 (quoting *Buchler v. Oregon Corrections Div.*, 316 Or. 499, 511-12 (1993) (en banc)). In *Estate of Manstrom-Greening v. Lane County*, this Court observed that "the general rule is that suicide constitutes an intervening force which breaks the line of causation from the wrongful act to the death," except in certain circumstances. *Estate of Manstrom-Greening v. Lane Cnty.*, 393 F. Supp.3d 1035, 1041 (D. Or. 2019) (internal quotation marks and citation omitted)

("*Manstrom-Greening I*"); *see also Dunlap v. City of Sandy*, Case No. 3:17-cv-01749-YY, 2018 WL 4782263, at *10 (D. Or. June 4, 2018) ("Many courts in fact have held that suicide is a superseding intervening cause."). This Court subsequently granted summary judgment in favor of the defendants in *Manstrom-Greening*, holding that "mere facilitation" of the decedent's intervening suicide was insufficient to sustain a claim for negligence because the harm was unforeseeable. *Estate of Manstrom-Greening v. Lane Cnty.*, 430 F. Supp.3d 726, 734-35, at (D. Or. 2019) (("*Manstrom-Greening II*"). "When a plaintiff is clearly responsible for the acts that resulted in their injury, summary judgment may be granted." *Id.* at 735 (citing *Vanderveen v. Lewis*, 48 Or. App. 105, 108 (1980)).

As discussed in the previous section, the officers' encounter with Mr. Fischer did not include any indication that Mr. Fischer was suicidal and, to the contrary, Mr. Fischer insisted that he needed to report to work in the morning. It was not foreseeable to the officers that Mr. Fischer would kill himself after arriving at home and, at most, the officers' decision to let Mr. Fischer leave amounted to "mere facilitation" of his later suicide. Defendants are therefore entitled to summary judgment on this claim.

## CONCLUSIUON

The County Defendants' Motion for Summary Judgment, ECF No. 70, is GRANTED and all claims against the County Defendants are DISMISSED.[1]  The State Defendants' Motion for Summary Judgment, ECF No. 63, is GRANTED and all claims against the State Defendants are DISMISSED.  Final judgment shall be entered accordingly.

It is so ORDERED and DATED this 12th day of November 2020.

s/Michael J. McShane
MICHAEL McSHANE
United States District Judge

---

[1] In August 2019, this Court adopted Judge Clarke's previous Findings and Recommendation and dismissed Plaintiff's federal claims under 42 U.S.C. § 1983 and retained supplemental jurisdiction over Plaintiff's remaining state law claims.  ECF Nos. 60, 68.  The claims against Defendant John Ward concerned the dismissed federal claims under 42 U.S.C. § 1983 and, as Plaintiff noted, Ward is not a party to the remaining state law claims.  Pl. Resp. at 2 n.2.  ECF No. 77.